Argued and submitted May 7, ballot title certified May 21, 1992

Mark W. NELSON,
*Petitioner,*

*v.*

Phil KEISLING,
*Respondent,*
*and*

OREGON HEALTH INITIATIVE,
Ellen C. Lowe, Nancy H. Stevens,
Michael H. Graham, M.D.,
Oregonians for Health Care
and James A. Carlson,
*Intervenors.*

(SC S39184)

830 P2d 591

James N. Gardner, of Gardner, Cosgrove & Gardner, Portland, argued the cause for petitioner. With him on the petition was Lynda N. Gardner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Charles R. Williamson, of Kell, Alterman & Runstein, Portland, argued the cause for intervenors. With him on the answering memorandum was Tina-Marie Baskin.

CARSON, C. J.

## CARSON, C. J.

In this original proceeding, petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who timely submitted written comments on the Attorney General's draft ballot title. Therefore, he is entitled to petition this court seeking a different title. ORS 250.085(2). Oregon Health Initiative, represented by intervenors Lowe, Stevens, and Graham, is a proponent of the measure, as is Oregonians for Health Care, represented by its director, intervenor Carlson. Intervenors are interested parties granted leave to intervene by this court under ORAP 11.30(8).

The Attorney General certified this ballot title to the Secretary of State:

"RAISES CIGARETTE, TOBACCO TAXES TO FUND HEALTH INSURANCE, EDUCATION, GOVERNMENT

"QUESTION: Shall cigarette, tobacco taxes rise to fund health insurance for uninsured families, education against tobacco use, state and local government?

"SUMMARY: Amends Oregon statutes. Raises taxes on distribution of cigarettes, tobacco products. Increase is 1-1/4 cents per cigarette, 25 percent of wholesale price of tobacco products. Taxes imposed on distributors. Raise effective January 1, 1993. 88 percent of net proceeds used for health insurance for uninsured Oregon families and community health education to discourage and reduce tobacco use, especially by children. Rest of cigarette tax hike to state General Fund, cities, counties, transportation services for elderly, disabled individuals. Rest of tobacco tax hike to General Fund."

Petitioner accepts the Caption and Question but challenges the sufficiency of the Summary. We have considered petitioner's arguments, but conclude that the ballot title certified by the Attorney General complies substantially with the requirements of ORS 250.035(1)(a) and (b). ORS 250.085(4). No more is required. *McCain v. Keisling*, 313 Or 63, 828 P2d 455 (1992).

Petitioner also asserts that Oregon Laws 1991, chapter 396, section 11 ("section 11"), discussed *post*, impliedly

amends ORS 250.035[1] to require that all initiative or referendum ballot titles proposing taxing measures include a statement about the measure's effect on local property tax collections. Petitioner contends that failure to include such a statement renders insufficient the Summary in the ballot title before us. The state argues that consideration of section 11 is beyond our scope of review because it is not an express part of a statute under which we have authority to review challenged ballot titles. *See* ORS 250.085 (Supreme Court reviews for compliance with ORS 250.035 and 250.039). The state also argues that section 11 was not intended to apply to this or any other ballot title about *state-imposed* tax measures.

■    Our review in this case is limited to an assessment of compliance with ORS 250.035 and 250.039. ORS 250.085. However, petitioner contends that, by twice making reference to ORS 250.035, section 11 adds to the requirements of that statute and, consequently, we must determine whether section 11 has amended ORS 250.035 in order to know with what provisions the ballot title under consideration must comply. In other words, review for compliance with ORS 250.035 requires us to determine the parameters of that statute.

The legislature directed that section 11 be added to and made a part of ORS chapter 250. Or Laws 1991, ch 396, § 10. In the 1991 compilation of statutes, section 11 was placed immediately following ORS 250.035, but was not given a permanent ORS section number. On its face, then, the new law is not a part of ORS 250.035.

We turn to an analysis of the language and context of section 11. Part 2 of section 11 provides:

"Notwithstanding ORS 250.035, the ballot explanation for a measure proposing a new or increased tax shall contain a statement that indicates whether or not, pursuant to

---

[1] ORS 250.035 sets out requirements for the form of ballot titles, including this reference to the summary:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"* * * * *

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

section 11b, Article XI, Oregon Constitution, and implementing legislation, the proposed tax measure would reduce property tax collections for other units of local government. The statement shall not be considered a part of the ballot explanation for purposes of determining if the explanation exceeds the 85-word limitation of ORS 250.035." Or Laws 1991, ch 396, § 11(2).

The session law refers to a ballot "explanation," while ORS 250.035(c) refers to a "statement * * * summarizing the measure." The linguistic distinction is not dispositive. This court two years ago adopted the term "summary" but acknowledged that the Attorney General had long used the term "explanation" to refer to the requirements of ORS 250.035(1)(c) and that opinions of the court had used "explanation," "statement," and "summary" interchangeably. *Deras v. Roberts*, 309 Or 410, 418 n 6, 788 P2d 987 (1990). *See Deras v. Roberts*, 309 Or 250, 256-57 nn 7-8, 785 P2d 1045 (1990) (using terms "explanation" and "statement" interchangeably).

■ It is clear that, by the specific reference in section 11 to the Summary ("explanation"), the "85-word limitation," and ORS 250.035, the legislature sought to require the inclusion of the local property tax "statement" (tag line), when applicable, in the Summary segment of the ballot title described in ORS 250.035(1)(c). This court must review the ballot title for substantial compliance with ORS 250.035. ORS 250.085(4). Consequently, this court has authority to review the necessity of including the property tax tag line in the Summary. We turn to that question.

An analysis of the context of the 1991 law reveals three reasons that convince us that section 11 does not apply to this measure. First, we note that Oregon Laws 1991, chapter 396, responded to a single narrow concern: "the issue of competition between [non-school local government] taxing units" arising from the limits imposed by Ballot Measure 5 (now Article XI, section 11b, of the Oregon Constitution). Or Laws 1991, ch 396, § 2. Second, we note that the focus of chapter 396 is on very particular situations, *viz.*, those in which "the governing body of a unit of local government files a measure proposing a new or increased tax." Or Laws 1991, ch 396, § 7(1). Finally, we note that the phrase in section 11

that requires a tag line refers to whether a proposed tax measure reduces "property tax collections for *other* units of local government." (Emphasis added.) That phrase makes sense only if the antecedent reference to "a measure proposing a new or increased tax" is to those tax measures proposed by local governments.

In sum, because the proposed initiative measure at issue in this case was not proposed by a local government and is a state-imposed tax, a tag line about property tax collections is not required. The Summary certified by the Attorney General is sufficient.

Ballot title certified.

This decision shall become effective in accordance with ORAP 11.30(10).